VÍAS *v*. ESTATE OF PÉREZ ET AL.

APPEAL from the District Court of Humacao.

No. 356.—Decided December 4, 1909.

CITATION OF MINORS—PERSONAL NOTICE—EVIDENCE OF SERVICE THEREOF.—Where the defendants in a suit are minors, notice of citation must be served upon the father or the representative of the minor, personal notice of defendant minors being necessary in any case, whether or not it appears that they are over 14 years of age. It is further necessary, in order that the court may acquire jurisdiction over such minors, that the return made by the marshal shall show that they have been personally served.

ID.—ENTRY OF DEFAULT.—An entry of default of minor defendants who have not been personally served with notice is null and void.

ID.—JUDGMENT IN DEFAULT ENTERED BY THE SECRETARY.—A judgment by default entered by the secretary of a court by virtue of the provisions of paragraph one of section 194 of the Code of Civil Procedure is null and void when, as in the present case, the citation does not state the amount sought to be recovered by the complaint, and this is a necessary requisite in order that the secretary may comply with the provisions of that section.

ID.—ENTRY OF JUDGMENT IN DEFAULT BY ORDER OF THE COURT.—In cases covered by the provisions of paragraph two, section 194, of the Code of Civil Procedure, the secretary cannot enter a judgment in default without an order of the court, and without such an order the judgment is null and void.

ID.—ENTRY OF DEFAULT.—An entry of default made against a defendant of legal age who has been personally served with summons in his representative capacity is perfectly valid.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Mr. Rafael F. Ferrer* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of April 4, 1908, Attorney Juan Vías Ochoteco, filed a sworn complaint in his own name in the District Court of Humacao, against the Estate of Isabel Pérez Sánchez, composed of her widower, Francisco Busó Cabrera, and of her children, Francisco, Puncio and Julio Busó y Pérez, and, in addition, of Busó Cabrera himself, as the heir of his deceased son, Oscar Pablo Busó y Pérez, in which complaint he alleges the following facts:

1. That a verbal contract was entered into between the plaintiff and the defendant, Francisco Busó Cabrera, the latter acting on his own behalf and as the representative of the estate of his deceased wife, Isabel Pérez Sánchez, by which both parties agreed to engage in the cultivation of a cotton plantation on a rural estate belonging to said estate, having an area of 253.18 *cuerdas,* situated in the *barrio* of Punta de Santiago, in the municipal district of Humacao, and it was stipulated that said estate should be appraised, and that upon the payment of one-half its value by the plaintiff it would become the property of the firm of Vías & Busó as soon as the proper requisites could be complied with. It was further agreed that the plaintiff was to advance as an agricultural loan the weekly wages and general expenses of the cultivation of the estate, to be repaid him at the end of each crop.

2. That, as the estate had been subject to a mortgage in favor of the Banco Territorial y Agrícola de Puerto Rico, since before the death of Isabel Pérez Sánchez, which took place on October 16, 1902, the plaintiff furnished the defendant one-half the sum necessary to pay one of the installments of said mortgage—that is to say, $165—which, added to a like sum of the Estate of Isabel Pérez Sánchez, Busó Cabrera applied to meeting his obligation to the bank.

3. That Vías & Busó, in order to extend the business planned, agreed that the plaintiff should purchase of Sandalio Valldejuly another estate adjoining that aforementioned, situated in the said *barrio* of Punta de Santiago of

Humacao, having an area of 168.33 *cuerdas,* and to this end Busó, with the authority of the plaintiff, stipulated the conditions of the sale, which was effected by public deed in favor of the plaintiff, executed on February 9, 1903.

4. That the ownership of the said estates was to continue to be vested in the respective purchasers thereof, the partnership having been entered into solely for the purpose of obtaining greater profit in the cultivation of cotton and other products by the operation of the two estates contributed to the partnership, one by the plaintiff and the other by the defendants who, therefore, were under the obligation of returning the $165 previously received, which they have not done, notwithstanding the fact that demand has been made of them.

5. That the plaintiff punctually furnished the firm of Vías & Busó all the sums necessary for the agricultural business entered into until the partnership was dissolved in September, 1905, and that during the existence of the partnership he had not received any profit from the business whatever, but on the contrary had been obliged to pay, and continues to pay, large sums as interest on the loans which he negotiated with the Banco de Puerto Rico in order to supply funds to the partnership of Vías & Busó.

6. That the accounts of the partnership of Vías & Busó had always been kept by the defendant, Francisco Busó Cabrera, and that the account thereof, at the time of its dissolution, showed according to the books a balance in favor of the plaintiff of $5,471.73, of which the defendant acknowledged he owed $1,207.61.

7. That the defendant, Francisco Busó Cabrera and his minor children, represented by their guardian *ad litem,* Francisco Busó Baster, in the month of June, 1903, proceeded to make a liquidation of the property left at the death of Isabel Pérez Sánchez, and in this liquidation, without taking into consideration in any way the partnership contract entered into in January of the same year, the estate of 253.18 *cuerdas* was awarded to Busó Cabrera for $2,500, in payment of his

marriage contribution, ganancial property, the payment of charges against the estate, and a legacy in his favor by Isabel Pérez Sánchez, the plaintiff not having given his consent for such award nor having been consulted with respect thereto.

8. That all or most of the sums contributed by the plaintiff were first applied to the benefit of the Estate of Isabel Pérez Sánchez, and then to the benefit of Busó Cabrera, which contributions increased the value of the estate of 253.18 *cuerdas* to a sum exceeding $1,000.

9. That, furthermore, the defendant, Busó Cabrera, at the beginning of the month of September, 1905—that is to say, some days before the dissolution of the partnership contract between Vías & Busó—removed from the estate of the plaintiff 130 cocoanut palms, which he transferred to the other estate, thus causing the plaintiff damages in the sum of $150.

10. That although the plaintiff had previously brought an action in the District Court of Humacao to recover the sum of $1,772.61, he abandoned said action, and now reduces the amount of his claim to the sum of $1,522.61, represented by the items of $1,207.61, in which sum Busó Cabrera acknowledges to be indebted to him; of $165 which he gave Busó Cabrera with which to pay one of the installments of the mortgage on the estate of 253.18 *cuerdas,* and of $150 representing the damages caused him by Busó Cabrera in tearing up the 130 cocoanut palms from his estate, and extending his claim to include legal interest which amounts to $235.91 for the two years and seven months have elapsed.

Vías Ochoteco concluded his sworn complaint with the prayer for judgment in due time adjudging the defendants to pay the sum of $1,522.61 claimed, of legal interest on said sum amounting to $235.91 to the date of the complaint, additional interest accruing thereafter at the rate of six per cent per annum, and all the costs and expenses of the litigation.

The summons and the return of service thereof, as shown by the record, read as follows:

"United States of America, *ss*, The President of the United States. In the District Court of Humacao, *Juan F. Vías Ochoteco, plaintiff,* v. *The Estate of Isabel Pérez,* consisting of her children Francisco, Poncio and Julio, of his wife, Francisco Busó, and the latter as the heir of his son, Oscar, defendants. The People of Porto Rico to the Estate of Isabel Pérez Sánchez, consisting of her husband Francisco Busó Cabrera and her minor children, Francisco, Poncio and Julio Busó Pérez, and Francisco Busó as the heir of his deceased son named Oscar Pablo Busó Pérez, all of them being represented by Busó Cabrera—that is to say, the aforementioned defendants—you are hereby notified that the complaint of the aforementioned plaintiff has been filed in the office of the Secretary of the District Court of Humacao, P. R., in which complaint he prays the court to render judgment in due time adjudging the defendants to pay the sum claimed of $1,522.71, legal interest on said sum amounting to this date to $235.91, additional interest accruing hereafter at the rate of six per cent per annum and to pay all the costs of this action, according to a copy of the complaint attached. And you are notified that should you fail to appear and make answer to the complaint within 10 days after service of notice, if service is made within the district and within 20 days if made without the district but within the Island of Porto Rico, and within 40 days if made elsewhere the plaintiff may obtain the judgment he prays for in his complaint. Done under my hand in Humacao, P. R., this 23d day of April, 1908."

#### CERTIFICATE OF SERVICE BY THE MARSHAL.

"*I hereby certify,* that I received this summons at 9 a. m. on April 30, 1908, and that I served it personally on Francisco Busó Cabrera on April 30, 1908, in his own right and as the representative of the Estate of Isabel Pérez, the defendants named in said summons delivering to said defendant and leaving with him personally in the *barrio* of Punta de Santiago of Humacao, a copy of said summons and with the defendant, Francisco Busó Cabrera, a true and exact copy of the complaint in the action mentioned in said summons. Dated this 30th day of April, 1908. Augusto Ortiz, Marshal. By Rafael Mas, Deputy Marshal."

On the following 15th day of May, the plaintiff requested the secretary of the court, that in view of the fact that neither

Francisco Busó Cabrera nor the estate of Isabel Pérez had made answer to the complaint within the legal period, their default be entered, and consequently that the proper judgment be rendered and that acquiescence to the prayer of the complaint be made a matter of record.

The default of the defendants was entered on the said 15th day of May by the secretary of the court, and judgment was rendered in default, reading as follows:

"In this action the defendants, the Estate of Isabel Pérez, consisting of her husband, Francisco Busó Cabrera, and her children, Francisco, Poncio and Julio Busó y Pérez, and in addition of the said Busó Cabrera, as the heir of his son, Oscar Pablo Busó Pérez, having been duly summoned and having failed to appear and make answer to the complaint in this case, and the legal term within which to make answer having expired, and the default of said defendants in this case having been duly entered in accordance with the law, now on this 15th day of Mary, 1908, at the petition of Attorney Juan F. Vías in his own right, it is ordered that judgment be entered in this case against the said defendants, in accordance with the prayer of the complaint of the plaintiff filed in this case. Therefore, in accordance with the law and the said complaint, it is ordered and adjudged that Juan F. Vías Ochoteco, the plaintiff, have and recover from the said defendants, the Estate of Isabel Pérez, consisting of her husband, Francisco Busó Cabrera, in his own right and as the heir of his deceased son, Oscar Pablo Busó Pérez, and her children Francisco, Poncio and Julio Pérez, the sum of $1,522.61, legal interest on this sum to April 4, 1908, amounting to the sum of $235.91, and further interest accruing to the date of payment, together with the costs of the plaintiff and the disbursements made in this action, amounting to the sum of ———, and that execution issue against the property of the defendants for the satisfaction of this judgment."

On the 16th day of said month of May, the defendants, represented by Attorney Herminio Díaz Navarro, filed a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and, furthermore, that it was ambiguous and unintelligible; and in their answer they made a number of allegations, concluding with

the prayer for the dismissal of the complaint with the costs against the plaintiff.

This pleading is not sworn to and is dated May 10, 1908, although filed on the 15th of said month.

Two days later—that is to say, on the 18th of said month of May—counsel for the defendants filed a sworn motion in court reading as follows:

"Attorney Herminio Díaz, on behalf of the defendants in the above-mentioned case, sets forth: That in due time within the legal term, he prepared the answer to the complaint which he has presented to the secretary of this court, as shown by the date thereof. That a confusion of papers and involuntary forgetfulness, on the part of the employe in my office in charge of the mail, were responsible for said answer not having been sent to this court the day of its date, due to the excess and accumulation of work in my office during these days of the month of May, on account of my early departure for Europe. That upon hearing that said answer had not been filed, I came yesterday expressly in order to make the presentation in person, as I did, but found that the plaintiff had asked for judgment in default. That on account of the foregoing reasons, and that my clients have a strong defense (as may be seen from the answer), I pray your honor, that in view of the provisions of section 140 of the Code of Civil Procedure, such default be vacated and the answer admitted. San Juan for Humacao, May 17, 1908. Herminio Díaz, Attorney for the Defendants. Oath. On May 18, 1908, there appeared before me, Attorney Herminio Díaz, with whom I am acquainted, and after taking oath in legal form, he declared everything alleged in the foregoing motion to be true, affixing his signature, to all of which I certify. Julio César González, Notary Public. Filed this 18th day of May, 1908. Rincón, Secretary."

According to the statement of facts approved by the judge at the hearing on the foregoing motion, the defendants verbally prayed that the entry of default should be vacated as well as the subsequent judgment, alleging the following grounds in support of their prayer:

(*a*) That the court did not have jurisdiction, inasmuch as there being four defendants, one of age and the others

minors, the return of the summons did not show that said minors had been summoned.

(b) That the default and the judgment were void, because both the former and the latter had been entered by the secretary of the court against all the defendants, when one of them alone had been summoned.

(c) That the judgment was void also on the ground that the secretary of the court did not have the power to render it, as an action is involved in which the pronouncement of a judgment in default is not within his ministerial duties.

The District Court of Humacao, by order of November 30, 1908, denied the motion, from which order the defendants took an appeal to this Supreme Court, which appeal is now pending decision after both parties had filed their briefs and made their respective oral arguments in support of their respective rights.

It appears from the summons and the certificate of service by the marshal, that Francisco Busó Cabrera, personally and as the representative of his minor children, Francisco, Poncio and Julio Busó Pérez, had been summoned to make answer to the complaint, and it does not appear that said minors had been personally summoned, whether over 14 years of age or not, in compliance with the provisions of subdivisions three and six of section 93 of the Code of Civil Procedure. As the summons had been served only on Francisco Busó Cabrera, the secretary should have complied with the provisions of section 90 of the said Code, issuing on the petition of the plaintiff a second summons in proper form with relation to the minors; and this not having been done, the Humacao court could not acquire jurisdiction of all the parties to the action, nor did the subsequent proceedings come under the control of said court, in accordance with the provisions of section 98 of said Code.

It is true that the last paragraph of section 98 provides that the voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint

upon him, and that the minors, Francisco, Poncio and Julio Busó y Pérez, as well as their father, Francisco Busó y Cabrera, represented by Attorney Herminio Díaz Navarro, appeared in court after the default had been entered and judgment rendered, praying that the default be vacated and the answer they presented admitted; but this appearance, subsequently, as we have said to the entry of default and the rendition of judgment, could not produce the legal effect of giving the court jurisdiction of the minors, which it lacked when such acts took place. The entry of default was void with respect to the minor defendants, because the court lacked jurisdiction of them.

With regard to the defendant of age, Francisco Busó Cabrera, whose summons cannot be attacked as void, we do not see that the inferior court was guilty of any manifest abuse of discretion in denying the motion to vacate the default and admit the answer. This order must be upheld in so far as Busó Cabrera is concerned.

The nullity of the judgment with regard to the minors is a logical consequence of the nullity of the entry of default, and this nullity with respect to all the defendants lies also on account of a violation of the provisions of law applicable to the case.

Let us see.

The relevant portion of section 194 of the Code of Civil Procedure reads as follows:

"Section 194.—Judgment may be had, if the defendant fail to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in section 96.

"2. In other actions, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary must enter the default of the defendant; and thereafter the plaintiff may apply at the first or any subsequent term of the court for the relief demanded in the complaint. If the taking of an account, or the proof of any fact is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof; or may, in its discretion, order a reference for that purpose; or if, to determine the amount of damages, the examination of a long account be involved, by a reference as above provided."

Upon examining the complaint, we find that the action exercised arises in part from a contract of partnership, from which is derived the obligation of the defendants to pay the plaintiff certain sums of money, and in part from an act from which damages are derived amounting to the sum of $150.

If this action were considered to be included under subdivision one of section 194 above transcribed, the judgment rendered in default would be void, inasmuch as section 89 of said Code in enumerating the requisites of a summons provides that *in an action arising on contract for the recovery of money, or damages only, a notice shall be embodied therein that unless the defendant appears and answers, the plaintiff will take judgment for the sum demanded in the complaint, stating it.*

The summons of the defendants did not contain this notice, but only a notice that if they should fail to appear to answer the complaint within the legal term, the plaintiff could obtain the judgment he prayed for in his complaint. The sum that he was to obtain was not specified, and this deficiency prevented the rendition of judgment stating the sum specified in the summons according to subdivision one of section 194 of the Code of Civil Procedure.

On account of this lack of specification in the summons, the secretary could not render the judgment in the terms in which he did.

We have heretofore enunciated this doctrine in the case of *Macario Zapater* v. *Herminio Irizarri and Tulidania Cancel,* decided June 25 of the current year.

If it be considered that this case is one of those coming under the provisions of subdivsion two of section 194 of the Code of Civil Procedure, the judgment rendered in default is also void, because although the secretary of the court shall in accordance with said provision, enter the default when the summons has been served and no answer whatever has been made within the proper time, he cannot enter a judgment until the plaintiff applies therefor to the court at the first or any subsequent term thereof, when the court may, if it deems it proper, hear evidence of any fact on which to base the judgment.

The plaintiff did not apply to the court of Humacao, but to the secretary, to render judgment in accordance with the prayer of the complaint, and when such judgment was rendered by the secretary he rendered a void judgment because he openly violated the law and exceeded the limits of his ministerial functions.

In brief:

1. The Humacao court did not acquire jurisdiction of the persons of the minor defendants, for the reason that they had not been summoned in the action.

2. The default entered by the secretary of said court is void as to said minor defendants, for the reason that they were not properly summoned.

3. The judgment is also void with relation to all the defendants, whether it be considered as included under the provisions of subdivision one of section 194 of the Code of Civil Procedure, or subdivision two of said section.

For the reasons stated, we hold that the order of November 30, 1908, appealed from, should be affirmed in so far as proper and reversed otherwise, and, consequently, that the entry of default of the defendant, Francisco Busó Cabrera, should stand, and that it should be set aside as to the minor

defendants, and the judgment rendered in default of all the defendants vacated.

*Reversed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.